**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Patrico Pino-Hernandez,** | ) | **CASE NO. 4:26 CV 1783** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Attorney General,** | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

## INTRODUCTION

This matter is before the Court upon petitioner Patrico Pino-Hernandez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner seeks review of his detention by Immigration and Customs Enforcement during his removal proceedings. For the reasons that follow, the Petition for Writ of Habeas Corpus is GRANTED.

## BACKGROUND

Petitioner Patrico Pino-Hernandez ("Petitioner") is a native of El Salvador. On May 6, 2018, a border patrol agent encountered Petitioner in the Rio Grand Valley along the United States-Mexico border. Petitioner admitted to the border patrol agent that he did not have the necessary legal documents to enter the United States and admitted to illegally crossing into the United States without being inspected at a designated port of entry. The border patrol agent determined that Petitioner was "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document" and issued a Notice and Order of Expedited Removal.

Thereafter, an asylum officer found that Petitioner demonstrated a credible fear of prosecution or torture and a Notice to Appear was issued on July 3, 2018. Importantly, Petitioner was allowed to post bond and was released from detention on July 19, 2018, while his asylum application progressed. Petitioner's application for asylum and withholding was denied around December 12, 2023, and he was ordered removed. Petitioner appealed the denials and removal order to the Board of Immigration Appeals. As far as this Court can tell, that appeal remains pending.

Petitioner was detained by Respondent[1] on or about May 14, 2026. He alleges that he has been detained since that date without being afforded a bond hearing.

Petitioner brings the instant Petition for a Writ of Habeas Corpus ("Petition"), alleging that his continued detention without a bond hearing is unlawful. Respondent filed a Return of Writ, which moves to dismiss the Petition.

**DISCUSSION**

Petitioner seeks a writ of habeas corpus, arguing that his continued detention without being afforded a bond hearing is unlawful. Respondent contends the Petition should be dismissed because Petitioner is properly detained under 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates detention for

---

[1] Petitioner named the United States Attorney General as the Respondent in his Petition. A writ of habeas corpus may only be issued by the person having custody of the detainee. Here, that person is the Field Office Director for the United States Immigration and Customs Enforcement Agency ("ICE"). *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Accordingly, this Court substitutes the Attorney General for Field Director Robert Lynch. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

certain asylum seekers during the pendency of their applications.[2] Respondent's argument is misguided and ignores the eight years that Petitioner was released on bond.

Section 1225(b)(1) creates certain detention regimes for "aliens arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). Section 1225(b)(1)(A) first prescribes that "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible . . . and the alien indicates either an intention to apply for asylum . . . or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer under subparagraph (B)." Section 1225(b)(1)(B)(ii) then provides that, "[i]f the officer determines at the time of the interview [for asylum] that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum."

Here, it is undisputed that on July 19, 2018, Petitioner was released into the United States on bond after an asylum officer found that he demonstrated a credible fear of prosecution or torture.[3] Because Petitioner was released on bond in the United States for almost eight years, he cannot be

---

[2]Alternatively, Respondent contends that this Court lacks jurisdiction under 8 U.S.C. § 1252 to review the agency's application of Section 1225(b)(1). Because this Court finds that Petitioner is not subject to detention under Section 1225(b)(1), Respondent's alternative argument is inapplicable. Respondent does not contend any other statute strips this Court of jurisdiction to review Petitioner's habeas petition.

[3] The statutory basis for Petitioner's bond is not clear from either the Petition or Respondent's Return of Writ. This Court notes, however, that if Petitioner was released on bond pursuant to Section 1226(a), several other courts have found such release bars later re-detention under Section 1225. *See, e.g.*, *Kumar v. Stevens*, 2026 WL 1129594, at *10 (N.D. Ohio Apr. 27, 2026) (collecting cases), *report and recommendation adopted by* 2026 WL 2184779, at *5 (N.D. Ohio July 29, 2026) (collecting cases). Further, if he was instead released on parole pursuant to 8 U.S.C. § 1182(d)(2), this Court notes that several other courts have found that a parolee's whose Section 1182(d)'s parole is terminated is not an arriving alien and no longer subject to the mandatory detention provision of Section 1225(b)(1). *E.g.*, *Qasemi v. Francis*, 2025 WL 3654098, at *11 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

said to be an alien who is "arriving in the United States" pursuant to the plain language of Section 1225(b)(1). *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("As with any question of statutory interpretation, our analysis begins with the plain language of the statute."). To hold otherwise would effectively read the words 'arriving in the United States" out of the statute, circumventing the cardinal principle of statutory construction that instructs courts to give effect, if possible, to every clause and word of a statute. *See United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) ("[E]very clause and word of a statute should have meaning." (internal quotation marks and citation omitted)).[4]

This commonsense conclusion is the same reached by district courts across the country that have addressed factually analogous petitions.[5] *E.g.*, *Qasemi v. Francis*, 2025 WL 3654098, at *6 (S.D.N.Y. Dec. 17, 2025) ("Applying the plain meaning of 'arriving in the United States' here, there can be no doubt that upon his parole into the interior of the country, Qasemi had arrived in the United States and was no longer a noncitizen arriving in the United States. It would try any plain understanding of the term arrival to classify an individual like Qasemi who has lived and worked in the United States for over a year prior to his re-detention as an arriving alien."); *Singh v. Albarran*, 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025) (collecting cases).

---

[4] Further, Section 125(b)(1) is titled "Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." "[T]he title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of the statute." *Dubin v. United States*, 599 U.S. 110, 120-21 (2023) (internal quotation marks and citation omitted).

[5] This Court is aware of one court within this district that has reached a different conclusion in a factually adjacent case. *Garcia Gonzalez v. Raycraft*, 2026 WL 1785221, at *2 (N.D. Ohio June 22, 2026). But in *Garcia Gonzalez*, the petitioner did not apply for asylum until he was detained by ICE and the court did not explicitly address the impact of the petitioner's earlier release on parole.

Respondent does not otherwise identify any statutory authority for Petitioner's detention. Accordingly, Petitioner's present detention is unlawful.[6]

**CONCLUSION**

For all the aforementioned reasons, Patrico Pino-Hernandez's Petition for a Writ of Habeas Corpus is GRANTED. By 5:00 p.m. on October 16, 2026, Respondent shall release Petitioner from pre-removal detention.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 10/9/2026

[6] Because this Court finds that Petitioner's detention is not valid under Section 1225(b)(1), this Court need not address whether his detention violates Due Process.